# 𝔎𝔦𝔠𝔥𝔪𝔬𝔫𝔡

EDWARD HUNTER V. LONG'S BAGGAGE TRANSFER COMPANY.

March 10, 1938.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Abbot, Ould & Ward,* for the plaintiff in error.

*Kizer & Kizer,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Edward Hunter, hereinafter called the plaintiff, brought this suit against Long's Baggage Transfer Company, here-

inafter called the defendant, to recover damages for personal injuries received as the result of a collision between a bicycle ridden by the plaintiff and an automobile operated by the defendant.

The sole question presented to us is whether the trial court was right in setting aside a verdict for the plaintiff and entering a final judgment for the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

The collision happened at the much traveled intersection of Park avenue and Kemper street, in the city of Lynchburg. Park avenue runs north and south. Kemper street runs west from the western side of Park avenue to the Southern Railway station.

The evidence most favorable to the plaintiff, his own testimony, and the admitted physical facts show the accident to have happened as follows:

Between sunset and dark the plaintiff, a twenty-year-old colored boy, was operating his bicycle southwardly along the western side of Park avenue. He was carrying in his right hand a paper bag containing five pounds of meat and some vegetables, and was operating the bicycle with only his left hand on the handle bars. As he approached Kemper street, coasting down a slight grade at from fifteen to seventeen miles an hour, he saw the defendant's car approaching from the opposite direction on Park avenue. It was some distance beyond the intersection and appeared to be going about twenty-five miles an hour.

When the plaintiff entered the intersection, as he says, this car was then thirty or forty feet south of Kemper street, and its driver had given no signal of making a left turn there. He looked to his right up Kemper street for traffic from that direction, and when he again looked ahead the car was only a few feet from him and in the act of making a left turn from Park avenue into Kemper street, and across his path.

In an effort to avoid the collision the plaintiff applied his brakes and cut the bicycle sharply to the right into

Kemper street. The bicycle skidded a distance of fifteen feet and struck the right rear side of the car just as the latter had about completed its turn into Kemper street.

The automobile came to a stop almost instantly when the collision occurred, without running over the legs of the plaintiff, who, by the force of the impact, had been thrown under the wheels.

Since there was evidence that the driver of the car had failed to give the required signal and had made an improper left turn, the trial court thought the jury was warranted in finding that he was guilty of negligence which proximately caused the accident.

Assuming this to be so, we agree with the lower court's further conclusion that the plaintiff was guilty of concurring negligence, which bars his recovery.

In the first place, we think the evidence shows conclusively that the plaintiff was not keeping a proper lookout for the car. He testified that when he entered the intersection and started across Kemper street, which is forty-two feet wide, the car was then thirty or forty feet beyond Kemper street, or seventy-two or eighty-two feet from him, and that when he next saw the car it was making a turn immediately in front of and only seven or eight feet from him. In the meantime, while he had been looking up Kemper street, the car had covered the intervening distance of over seventy feet and had almost completed its turn, all in plain view of him if he had but looked ahead. There is no claim that there was any vehicular or pedestrian traffic on Kemper street, or in any part of the intersection, which necessitated his attention elsewhere than in the direction in which he was going.

While the plaintiff testified that he was going at only from fifteen to seventeen miles an hour, the physical facts show that when his brake were applied the bicycle skidded a distance of at least fifteen feet and struck the automobile with such force that one of the handle bars pierced the right rear fender of the car. These facts not only discredit the plaintiff's estimate of his speed, but strongly corroborate

the testimony of a number of other witnesses that he was going much faster.

Furthermore, it is admitted that he was operating the bicycle with only one hand, and that this was a direct violation of a city ordinance then in force. Consequently the court instructed the jury, without objection from the plaintiff, that such violation of the ordinance was negligence *per se,* and precluded the plaintiff's recovery if it proximately caused or contributed to the accident.

The very purpose of the ordinance in requiring the use of both hands by the operator is, of course, to insure the proper control of the bicycle in traffic. That it was not under proper control in this instance is shown by the admitted physical fact that when the brakes were applied and a turn attempted, the bicycle failed to respond to this maneuver and skidded along the pavement for at least fifteen feet up to the point where it struck the side of the car. The plaintiff himself admits this, for on direct examination he testified: "I think maybe I did skid, because I put on the brakes when I tried to duck into Kemper street."

A witness for the defendant testified that a bicycle driven at from seventeen to twenty-five miles an hour, could not be controlled with one hand on the handle bars if the brakes were suddenly applied, as was done here. This testimony was not controverted. In fact, it is corroborated by that of the plaintiff's own expert witness, who said that, "With only one hand on the handle bars a skid and turn would be likely" when the brakes were applied.

We think, then, that the uncontroverted physical facts, coupled with the plaintiff's own testimony, show that he was guilty of contributory negligence as a matter of law in riding his bicycle into a much traveled intersection at an excessive rate of speed, not under proper control, with only his left hand on the handle bars, contrary to statute, with his other hand encumbered with a bundle, and without keeping a proper lookout for the oncoming car of the defendant. There is no claim that the driver of the car

had the last clear chance to avoid the collision. Accordingly, the trial court correctly held that the plaintiff could not recover in this action.

The judgment is

*Affirmed.*